Billy Wayne SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 53779.

Court of Criminal Appeals of Texas.

Sept. 21, 1977.

Roland H. Hill, Jr., and Robert C. Roe, Jr., Fort Worth, for appellant.

Tim C. Curry, Dist. Atty., Marvin Collins and David B. Lobingier, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before a jury appellant was convicted of rape of a mentally diseased woman. See V.T.C.A. Penal Code, Sec. 21.-02(b)(4). Punishment was assessed by the court at ten years.

In his sole ground of error, appellant contends the evidence is insufficient to show he knew the prosecutrix to be so mentally diseased and defective as to be incapable of appraising the nature of the act of sexual intercourse.

The record reflects that during the early morning hours of October 10, 1975 appellant was discovered by Colonial Gables Nursing Home employee Mrs. Grace Combs engaging in sexual intercourse with a forty-nine year old mentally retarded female patient, in her room at the Colonial Gables Nursing Home in Fort Worth. Mrs. Combs, who had worked with mentally retarded people for ten years, testified this patient was a "very mentally retarded" woman with "a mind of about a two or three year old kid," and that she could not "understand and appraise the act of sexual intercourse." Upon being discovered, appellant terminated the act and escaped. A week later, appellant was observed by Mrs. Combs working at Colonial Manor Nursing Home. Mrs. Combs advised the owner of Colonial Manor who also owned Colonial Gables Nursing Home that appellant was the man she observed having intercourse with prosecutrix. The police were called and appellant was arrested and charged with rape.

Doctor Kenneth Warnock testified that after having examined the prosecutrix on the morning of the alleged offense he concluded that prosecutrix "had experienced recent sexual intercourse and it was apparently, from all medical indications, her first experience." Dr. Warnock categorized prosecutrix as being "no more than two or three years old in mental capacity" and unable to appraise or understand the act of sexual intercourse.

The evidence further revealed that although appellant was principally employed by Colonial Manor he also transported laundry from Colonial Manor to Colonial Gables three times a week and assisted in maintenance work there. Mrs. McCaskill, Assistant Administrator at Colonial Gables, testified that approximately a month prior to the offense she observed appellant "going down the hall one day to get him a coke or something and she (prosecutrix) was playing with him and walking with him and he was just playing with her."

". . . She was walking right in behind him like she was going to run over him or something.

"Q Okay. And by playing, you mean a cheerful, playful type—

"A Yes, yes, laughing, and she was, she just acted like—he didn't know she was behind him, you know, to scare him or something.

"Q And so they played together there in the hall, just sort of playful, is that right?

"A Yes.

      \*     \*     \*     \*     \*     \*

"Q On that occasion, did she give the appearance of being a person of normal intelligence?

"A I'm sorry, I didn't understand you.

"Q On that occasion did (prosecutrix) give the appearance of being a person of normal intelligence?

"A No, sir.

"Q And it was obvious that she was not on that occasion, was she?

"A (No audible response.)

"THE COURT: Answer out.

"THE WITNESS: That's right.

\*    \*    \*    \*    \*    \*

"Q Now relating to that incident in the hall when (prosecutrix) was following the Defendant, Billy Wayne Smith along the hall, I believe you testified he was laughing?

"A Yes, he was playing with her.

"Q So he was aware she was there?

"A Yes.

"Q If a person was having a playful time with her or being cheerful with her or cute with her or something like that, they could pretty quickly see what type of person she was?

"A Yes."

Mrs. McCaskill, like witnesses Combs and Warnock, testified prosecutrix was mentally retarded, and had the mind of about a three year old child.

Further evidence adduced during the trial established that it was common knowledge among the employees of both nursing homes that prosecutrix was "mentally retarded." Prosecutrix, whose "favorite pastime" was "playing ball," was unable to speak normally but made squealing sounds. Prosecutrix was incapable of dressing herself and generally required assistance in going to the bathroom. Prosecutrix was not appellant's wife. Prosecutrix was not present during the trial.

V.T.C.A. Penal Code, Sec. 21.02, provides in pertinent part:

"(a) A person commits an offense if he has sexual intercourse with a female not his wife without the female's consent.

"(b) The intercourse is without the female's consent under one or more of the following circumstances:

"(4) he knows that as a result of mental disease or defect she is at the time of the intercourse incapable either of appraising the nature of the act or of resisting it;"

On appeal appellant does not question the sufficiency of the evidence to show that he engaged in sexual intercourse with prosecutrix or that prosecutrix was so mentally defective as to be incapable of appraising the nature of the act of sexual intercourse. Rather appellant complains the evidence is insufficient to support a finding that he knew "the complainant to be so mentally diseased and defective as made her incapable of appraising the nature of the act of sexual intercourse."

We do not agree.

*Bradford v. State*, Tex.Cr.App., 477 S.W.2d 544, is instructive. In *Bradford*, the prosecutrix was an eighteen year old female who could not talk, eat, walk, or control her bodily functions and whose mental age was described as being that "of a child from one to two years old." This Court held the evidence sufficient to support a jury finding that defendant should have been aware that prosecutrix was so mentally diseased as to be unable to give consent.[1] In the instant case prosecutrix was a forty-nine year old mentally retarded female who was unable to talk and whose mental age was characterized by witnesses as being that of a "two or three year old." Additionally appellant worked as a maintenance man at the nursing home and had "played with" prosecutrix in the past, and by such contact must have known that prosecutrix was so mentally diseased or defective as to be incapable of appraising the act of sexual intercourse. We hold the evidence sufficient to support the verdict. See and com-

1. *Bradford* was decided under prior law, Art. 1183, V.A.P.C. Penal Code, Art. 1183, provided that the female must be so mentally diseased as "to have no will to oppose the act of carnal knowledge, the person having carnal knowledge knowing her to be so mentally diseased." V.T.C.A. Penal Code, Sec. 21.02(b)(4), the law in effect at the time of the commission of the instant offense, broadens the law's protection to cover mental defectives and focuses the test on prosecutrix's ability to appraise the nature of the act or her ability to resist it. See Practice Commentary, V.T.C.A. Penal Code, Sec. 21.02.

pare *Sanchez v. State*, Tex.Cr.App., 479 S.W.2d 933; *Harris v. State*, Tex.Cr.App., 474 S.W.2d 706.

The judgment is affirmed.

Opinion approved by the Court.