Cedric Leonard RIDER, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–86–01118–CR.

Court of Appeals of Texas,
Dallas.

July 17, 1987.

R.K. Weaver, Dallas, for appellant.

Anne B. Wetherholt, Dallas, for appellee.

Before DEVANY, THOMAS and McCRAW, JJ.

McCRAW, Justice.

Cedric Leonard Rider was found guilty by a jury of the felony offense of sexual assault. The court, after finding an enhancement paragraph of the indictment to be true, assessed punishment at forty years' penitentiary confinement. In two points of error, appellant contends (1) that the evidence is insufficient to support the jury's verdict that the sexual assault at issue was without the victim's consent; and (2) that the trial court erred in submitting a charge to the jury concerning a theory of consent not supported in the evidence at trial. For the reasons below, we affirm.

Appellant was an employee of a residential facility for mentally retarded adults. The complainant, a resident of the facility, is a twenty-nine year old male with an I.Q. of 51. Appellant entered the complainant's room one night and engaged in anal intercourse with complainant. The indictment alleged that appellant had engaged in deviate sexual intercourse without the consent of the complainant. The complainant testified that the intercourse was without his permission. Nevertheless, the court's charge instructed the jury that a sexual assault is "without the consent of the other person if the actor knows that as a result of mental disease or defect the other person is at the time of the sexual assault incapable either of appraising the nature of the act or resisting it." *See* Tex.Penal Code Ann. § 22.011(b)(4) (Vernon Supp.1987).

■ In his first point of error, appellant contends that since the evidence must be measured against the State's theory as reflected in the court's charge, *Boozer v. State,* 717 S.W.2d 608, 610 (Tex.Crim.App. 1986), the evidence is insufficient because it does not prove complainant was incapable either of appraising the nature of the act or

of resisting it because of a mental disease or defect[1]. The standard for appellate review of the sufficiency of the evidence is to view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Garrett v. State,* 682 S.W.2d 301, 304 (Tex.Crim.App.1984), *cert. denied,* 471 U.S. 1009, 105 S.Ct. 1876, 85 L.Ed.2d 168 (1985).

In determining whether the evidence is sufficient to show the complainant suffered from a mental disease or defect as contemplated by section 22.011(b)(4), we are aided by *Martinez v. State,* 634 S.W.2d 929 (Tex. App.—San Antonio 1982, pet. ref'd). In *Martinez,* the female sexual assault victim was twenty-nine years old and had an I.Q. of 55 to 65. Her mental capacity was that of a six to eight year old. The court reviewed the history of this "effective consent" provision, noting that under a previous statute the victim had to be so mentally deranged as to have no will power to assent or dissent. *Martinez,* 634 S.W.2d at 934 (citing *Williams v. State,* 125 Tex. Crim.Rep. 477, 69 S.W.2d 418 (1934)). The current Penal Code "broadens the law's protection to cover mental defectives and focuses the test on the cognitive and physical elements to determine if the [victim] consented." *Martinez,* 634 S.W.2d at 934.

Our inquiry, then, is whether the complainant's mental condition was such that he was incapable of appraising the nature of the act or of resisting it. The testimony in the instant case reveals that the complainant had an I.Q. of 51 and was considered mildly mentally retarded. He functioned at the level of a six-year-old in most activities. His mother testified that the complainant had spent most of his life in facilities for the mentally retarded because he needed special help. Although the complainant had classes in sex education, the class did not cover anal intercourse. In

---

1. Appellant does not contend that the evidence is insufficient to prove he knew of complainant's mental condition. Testimony revealed that appellant was an employee of the residential facility for the mentally retarded, that he had been told when he was hired that all the

residents were mentally retarded, and that he had worked at the facility for approximately one month prior to the charged offense. In light of *Smith v. Smith,* 555 S.W.2d 747 (Tex. Crim.App.1977), this evidence is clearly sufficient to support the jury's verdict.

addition to the testimony of the director of the residential facility, the complainant's case worker and his mother, all discussing the complainant's mental condition, the jury was able to observe the complainant on the witness stand.

Appellant argues further that the evidence is insufficient to show that complainant was unable to appraise the nature of the assault because he testified that appellant committed the act without his permission. Appellant contends that complainant's testimony that he did not consent limits the State to proof of lack of actual consent. We disagree.

First, we note that in *Martinez* the mentally retarded complainant testified that the accused "took her pants off against her wishes." *Martinez*, 634 S.W.2d at 933. Despite this testimony, the *Martinez* court found the evidence that the victim was incapable of appraising the nature of the act to be sufficient. Second, the jury is the exclusive judge of the credibility of the witnesses and of the weight to be given their testimony. Tex.Code Crim.Proc.Ann. arts. 36.13, 38.04 (Vernon 1979); *Johnson v. State*, 571 S.W.2d 170, 173 (Tex.Crim. App.1978). The jury may believe some witnesses and refuse to believe others and it may accept portions of the testimony of a witness and reject other portions. *Nixon v. State*, 572 S.W.2d 699, 700–01 (Tex.Crim. App.1978); *Martinez*, 634 S.W.2d at 936. Third, the victim's testimony concerning actual consent or lack of actual consent is immaterial in this case. The issue is the victim's capacity to consent. The purpose of the effective consent provision of section 22.011(b) is to protect those whom the law deems incapable of consent. If the law deems complainant incapable of giving consent, he is also incapable of withholding consent. We hold that the evidence is sufficient to support the jury's determination that the complainant was mentally diseased or defective so that he was incapable of appraising the nature of the act or of resisting it. Appellant's first point of error is overruled.

In his second point of error, appellant asserts that the trial court erred in submitting to the jury a charge which addresses a theory of consent not supported in the evidence at trial. The trial court is required to instruct the jury on the law applicable to the case and to apply that law to the facts presented. *Rider v. State*, 567 S.W.2d 192, (Tex.Crim.App.1978). The charge should instruct the jury as to the law applicable to every theory within the scope of the indictment which is established by the evidence. *Goodwin v. State*, 694 S.W.2d 19, 27 (Tex.App.—Corpus Christi 1985, pet. ref'd). This rule applies whether the matter raised by the evidence is a defensive theory or the State's theory. *Cantu v. State*, 341 S.W.2d 451, 452 (Tex.Crim. App.1960); *Christian v. State*, 161 S.W. 101, 103 (Tex.Crim.App.1913).

The State's theory of consent in the case was that any consent given by complainant was ineffective, regardless of complainant's testimony concerning consent, because the complainant, as a result of mental disease or defect, was at the time of the sexual assault incapable either of appraising the nature of the act or of resisting it. *See* Tex.Penal Code Ann. § 22.011(b)(4) (Vernon Supp.1987). As previously stated, the evidence at trial revealed that complainant had an I.Q. of 51 and was considered mildly mentally retarded. He tested at a six-year-old level in most activities. He had been in residential facilities for the mentally retarded almost all of his life because, according to his mother, he needed special help. We hold that the indictment and the evidence raised the State's theory of consent. The charge, therefore, was proper. Appellant's second point of error is overruled, and the judgment of the trial court is affirmed.