Affirmed and Memorandum Opinion filed May 12, 2009








Affirmed and Memorandum Opinion filed May 12, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00036-CR

____________

 

DON WARREN DAVIS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 338th
District Court

Harris County, Texas

Trial Court Cause No. 1104026

 



 

M E M O R A N D U M   O P I N I O N

Appellant Don Warren Davis challenges the factual sufficiency
of the evidence to support his conviction for sexual assault.  We affirm.

I.  Factual and Procedural Background

Appellant worked as a caregiver for the twenty-two-year-old
complainant, who is diagnosed with mild mental retardation, cerebral palsy, and
other disabilities that affect her vision and mobility.  By contractual
obligation, appellant worked in the complainant=s home each week. 
One of appellant=s duties included assisting the
complainant in and out of bed.








The complainant attended special-education classes and
complained to a school nurse of itching in her genital area, which she reported
after using the restroom.  When the nurse inquired further, the complainant
pointed between her legs and explained that her caregiver Aput his thing in
my thing.@  The complainant indicated that her mother and
appellant told her not to tell anyone.  The complainant told the nurse that the
incident occurred on a Saturday.  The nurse notified authorities.  

The complainant told a forensic nurse, who performed a
sexual-assault examination, that appellant Aput his penis in
me.@  The nurse noted
that complainant said her Avagina part was swollen.@  However, when
asked directly about penetration in the forensic exam, the complainant denied
that any penetration occurred. 

Appellant was charged by indictment with sexual assault of
the complainant to which he pleaded, Anot guilty.@  At trial, the
complainant used anatomically correct dolls to identify male and female
genitalia and describe the incident.  She explained that she was in bed, on her
stomach, when appellant came into the room, removed her panties, and Awent in between
the legs and stick himself up in me.@  She described
seeing Alittle white lines@ between her
legs.  She did not want this to happen; it did not feel good to her.  She
testified that she first told her school nurse about the incident.  She
testified that appellant told her not to tell her mother.  She explained that
when she told her mother about the incident, her mother became upset.  The
complainant admitted on cross-examination that she wore a diaper, instead of
panties, that appellant removed during the incident. 








The complainant=s mother testified
that she and appellant shared a sexual relationship.  The complainant=s mother, at
first, denied seeing appellant enter the complainant=s bedroom on
October 21, 2006, the date the incident was alleged to have occurred.  She
claimed that appellant was never alone with the complainant.  However, on
cross-examination, she testified to seeing appellant put the complainant to bed
that night.  She denied that the complainant told her of the incident.  The
mother recalled that the complainant told her that her Abottom@ itched.  The
mother attributed the itching to chafing, noting that the complainant wore a
diaper to bed and was wearing the same diaper the next morning, and that the
complainant chafed when she had her period.

The jury found appellant guilty as charged.  In finding an
enhancement paragraph Atrue@ as to a prior
conviction for indecency with a child, the trial court assessed appellant=s punishment at
confinement for life.

II.  Factual Sufficiency

In a
single issue, appellant asserts that the evidence is factually insufficient[1]
to support the jury=s verdict.  Specifically, appellant complains of the
following:

$                  
The State=s evidence consisted entirely of the complainant=s testimony.

$                  
The complainant=s testimony was vague, Aundetailed,@ and had Aserious
problems@ because the complainant did not seem to know what it
meant to tell the truth and she offered contradictory information to the
forensic nurse about penetration.

$                  
The complainant=s mother testified that the complainant was not honest
or truthful.

$                  
Evidence indicated that the
complainant wore the same diaper the morning after the assault, but there was
no explanation of how the complainant put it on after the assault.

$                  
The complainant=s mother testified that appellant was never alone with
the complainant.

$                  
No physical evidence supported the
complainant=s account.








When
evaluating a challenge to the factual sufficiency of the evidence, we view all
the evidence in a neutral light and inquire whether we are able to say, with
some objective basis in the record, that a conviction is Aclearly wrong@ or Amanifestly unjust@ because the great weight and
preponderance of the evidence contradicts the jury=s verdict.  Watson v. State,
204 S.W.3d 404, 414B17 (Tex. Crim. App. 2006).  It is not enough that this court
harbor a subjective level of reasonable doubt to overturn a conviction that is
founded on legally sufficient evidence, and this court cannot declare that a
conflict in the evidence justifies a new trial simply because it disagrees with
the jury=s resolution of that conflict.  Id.
at 417.  If this court determines the evidence is factually insufficient, it
must explain in exactly what way it perceives the conflicting evidence greatly
to preponderate against conviction.  Id. at 414B17.  Our evaluation should not
intrude upon the fact finder=s role as the sole judge of the weight and credibility given
to any witness=s testimony.  See Fuentes v. State, 991
S.W.2d 267, 271 (Tex. Crim. App. 1999).  Except in cases in which the court issues a memorandum
opinion, in conducting a factual‑sufficiency review, we must discuss the
evidence appellant claims is most important in allegedly undermining the jury=s verdict.  Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).

A person commits the offense of sexual assault if that
person intentionally or knowingly Acauses the
penetration of the anus or sexual organ of another person, without that person=s consent.@  Tex. Penal Code Ann. ' 22.011(a)(1)(A)
(Vernon 2003).  A sexual assault without the consent of the other person, as
specified in subsection 22.011(a)(1), occurs if Athe actor knows
that as a result of mental disease or defect the other person is at the time of
the sexual assault incapable either of appraising the nature of the act or of
resisting it@ or if Athe actor compels
the other person to submit or participate by use of physical force or violence.@  Id. '' 22.011(b)(1),
(4).








The State=s evidence included testimony from the
complainant, the school nurse, the forensic nurse, and the complainant=s mother. 
Although appellant contends the complainant=s testimony was Avague@ and Aundetailed,@ the jury was free
to believe or disbelieve the complainant=s account of the
incident.[2] 
See Fuentes, 991 S.W.2d at 271; Sharp v.
State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); Rider v. State,
735 S.W.2d 291, 293 (Tex. App.CDallas 1987, no pet.) (providing that a
jury was entitled to believe or disbelieve some witnesses in case involving
sexual assault of a resident of a facility for mentally retarded adults). 
Evidence in the record reveals that the complainant told the school nurse and
the forensic nurse that appellant put his penis inside her sexual organ.  The
complainant, herself, testified that appellant Awent in between
the legs and st[u]ck himself up in me.@  To the extent
that the complainant offered inconsistent information as to penetration to the
forensic nurse, the jury, as trier of fact, held the ultimate authority to
weigh the credibility of the witnesses and the testimony.  See Tex. Code Crim. Proc. Ann. art. 38.04
(Vernon 1979); Rider, 735 S.W.2d at 293; see also Green v. State,
No. 14-06-005350CR, 2007 WL 2265787, at *6 (Tex. App.CHouston [14th
Dist.] Aug. 9, 2007, no pet.) (mem. op., not designated for publication)
(concluding evidence was sufficient even in light of other evidence that may
impeach the complainant=s credibility). 

Likewise, even though the complainant=s mother testified
that the complainant sometimes was not honest or truthful or that appellant was
never alone with the complainant, the jury was the exclusive judge of the
credibility of the witnesses and the weight to be given to witness testimony.  See
Rider, 735 S.W.2d at 293.  On cross-examination, the mother recalled
that appellant put the complainant to bed on the date of the incident. 
Evidence also suggests that the mother told investigating officers that the
complainant reported the incident to her.  The jury could have accepted or
rejected any or all of the evidence on either side.  See id.; see
also Green, 2007 WL 2265787, at *6.








Appellant points to evidence that the complainant wore a
diaper on the morning after the incident and contends that no evidence explains
how the complainant put it back on after the incident.  However, this evidence
does not render the verdict clearly wrong or manifestly unjust or show that it
is against the great weight and preponderance of the evidence.  See generally Watson, 204 S.W.3d at 414B17; see also Green, 2007 WL
2265787, at *4.  This evidence does not even contradict the verdict.  See
Green, 2007 WL 2265787, at *4.  The jury could have believed
this evidence and still reasonably believed that appellant committed a sexual
assault against the complainant in which the complainant was unable to appraise
the nature of the sexual act or resist due to mental disease or disability.  See
generally Watson, 204 S.W.3d at 414B17; see also Green, 2007 WL
2265787, at *4 (concluding evidence was sufficient to support conviction
despite other evidence indicating the complainant might be able to resist the
sexual act).

Appellant contends that no physical evidence supported the
complainant=s account. Even if unsupported by any other evidence,
the complainant=s account of the events in question is
sufficient to support appellant=s conviction for sexual assault.  See Tex. Code Crim. Proc. Ann. art.
38.07(a), (b)(3) (Vernon 2005) (providing that a conviction under section
22.011 is supportable by the uncorroborated testimony of the victim of a sexual
offense); Garcia v. State, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978); see
also Green, 2007 WL 2265787, at *6 (AThe complainant
herself testified to the sexual assault.@).  Furthermore,
the forensic nurse testified that she would not expect to find physical
evidence in her examination of the complainant in light of how much time had
passed after the incident and the fact that the complainant had bathed and
urinated after the incident.  See, e.g., Green, 2007 WL
2265787, at *6 (deferring to jury=s findings based
on the weight of the evidence).  








Appellant does not contest whether the complainant had
capacity to consent, as contemplated by subsection 22.011(b)(4); however, the
record contains evidence of the complainant=s disabilities and
supports a finding that she was incapable of appraising the nature of the act
or of resisting it.  See Tex.
Penal Code Ann. ' 22.011(b)(4); Rider, 735 S.W.2d at
293 (involving a defendant who worked at a facility for mentally retarded
adults and who challenged the sufficiency of evidence for consent).  In this
case, members of the jury heard the complainant=s testimony and
could judge for themselves, from her manner of speech and demeanor, whether she
was capable of appraising the nature of the sexual act.  See Tex. Penal Code Ann. ' 22.011(b)(4); Rider,
735 S.W.2d at 293.  Given the evidence presented at trial of the complainant=s mental capacity,
her disabilities, and her need for a caregiver, the evidence is sufficient to
support a finding that the complainant could not appraise the nature of the
sexual act or resist it.  See Tex.
Penal Code Ann. ' 22.011(b)(4); Rider, 735 S.W.2d at
293 (finding evidence sufficient after jury viewed the complainant=s demeanor on the
witness stand); see also Green, 2007 WL 2265787, at *3B4 (same). 

Although appellant has pointed to evidence in the record
that he claims fails to support the jury=s verdict,
appellant=s arguments go to the weight and credibility of the
evidence.  See Green, 2007 WL 2265787, at *7.  The jury judged
the credibility of the witnesses, reconciled any conflicts in the testimony,
and could have accepted or rejected any or all of the evidence on either side. 
See Fuentes, 991 S.W.2d at 271; Sharp,
707 S.W.2d at 614; Rider, 735 S.W.2d at 293.  When viewed in a neutral
light, we cannot say,
with some objective basis in the record, that appellant=s conviction isAclearly wrong@ or Amanifestly unjust@ because the great weight and
preponderance of the evidence contradicts the jury=s verdict.  See generally Watson,
204 S.W.3d at 414B17; see Rider, 735 S.W.2d at 293 (holding evidence was
sufficient to support jury=s determination that the complainant, by
reason of mental defect, was incapable of appraising nature of deviate sexual
intercourse or resisting it); see also Green, 2007 WL 2265787, at *7. 
Therefore, we conclude the evidence is factually sufficient to support
appellant=s conviction, and we overrule appellant=s sole issue on
appeal.

The trial court=s judgment is affirmed.

 

 

 

/s/      Kem Thompson
Frost

Justice

 

Panel consists of Justices Frost, Brown, and Boyce.

Do Not Publish C Tex. R. App. P.
47.2(b).









[1]  Because a factual-sufficiency review begins with the presumption that
the evidence supporting the jury=s verdict is legally sufficient, and because appellant
challenges only the factual sufficiency of the evidence, appellant effectively
concedes the evidence is legally sufficient to sustain the conviction.  See
Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997); Clewis
v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996).





[2]  Appellant argues that the complainant did not seem
to know what it meant to tell the truth.  However, appellant did not attack,
either at trial or on appeal, the complainant=s competency to testify.  In a sufficiency review, a reviewing court
considers all evidence the jury was permitted to consider, whether it was
properly or improperly admitted at trial.  Moff v. State, 131 S.W.3d
485, 488 (Tex. Crim. App. 2004).  Nonetheless, the record reflects that the
complainant sufficiently demonstrated her knowledge of the difference between
the truth and a lie.