**John Wayne NIXON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55295.**

Court of Criminal Appeals of Texas, Panel No. 1.

Oct. 18, 1978.

Rehearing Denied Nov. 15, 1978.

Donald W. Rogers, Jr., Houston, for appellant.

W. G. Woods, Jr., Dist. Atty. and Elliott Knott, Asst. Dist. Atty., Liberty, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

OPINION

DOUGLAS, Judge.

John Wayne Nixon appeals his conviction for aggravated robbery. The jury assessed punishment, enhanced by one prior conviction, at life.

"Sonny" Huey, a deputy sheriff, testified that he was called to a gas station to investigate a situation involving appellant and Larry Dalton. Upon arrival, he determined that appellant possessed several weapons. As he called for assistance to further investigate, appellant aimed a gun at him and told him to get away from the radio. Nixon ordered Huey to get into a truck and give his vehicle a push. Before Huey could do this appellant told Larry Dalton to get into the truck and give him a push. Dalton did this and both vehicles fled down the highway. Rhonda and Harry Lee Ainsworth, the owner of the truck and his wife, both testified to this same series of events.

Both vehicles were abandoned only a few miles down the road. The stolen truck had a flat tire and was smoking under the hood.

Appellant challenges the sufficiency of the evidence. Specifically, appellant argues that the State failed to prove that he acted with an intent to deprive the owner of the truck.

The evidence shows that appellant told Larry Dalton to get into the stolen truck to give his vehicle a push. After doing this, both Dalton and appellant sped off. The truck was later abandoned in an inoperable condition.

Appellant contends that the facts show they used the truck only to effectuate their escape and did not intend to deprive the owner of the truck. We have rejected similar arguments in the past and upheld the jury's verdict. *Stout v. State,* 467 S.W.2d 409 (Tex.Cr.App.1971).

In reviewing the sufficiency of the evidence, this Court must view the evidence in the light most favorable to the verdict. *Fernandez v. State,* 564 S.W.2d 771 (Tex.Cr. App.1978). The jury is the sole judge of the credibility of the witnesses and may believe

those portions of the evidence that it deems proper. *Banks v. State,* 510 S.W.2d 592 (Tex.Cr.App.1974).

■ It is a reasonable inference from the evidence in this case that appellant and Dalton intended to take the truck and abandoned it only when it became inoperable. The jury accepted this inference and resolved the issue against appellant. The evidence was sufficient.

■ Appellant contends the trial court erred in refusing to allow Larry Dalton to testify at the punishment phase of the trial. Dalton would have testified that he took the truck because he panicked and appellant did not direct or encourage him.

Appellant relies on *Marrero v. State,* 500 S.W.2d 818 (Tex.Cr.App.1973), and *Brazile v. State,* 497 S.W.2d 302 (Tex.Cr.App.1973). Both of these cases, involving offenses under our former penal code, were reversed because the trial court excluded defense evidence concerning lack of malice at the punishment phase. In both cases malice was not an element of the offense and was relevant only with respect to punishment. As Judge Morrison points out in his concurring opinion in *Brazile,* these cases do not hold that affirmative defenses or evidence exonerating the defendant is admissible at the punishment phase.

The disposition of this ground of error is governed by our holding in *White v. State,* 444 S.W.2d 921 (Tex.Cr.App.1969). In *White,* the defendant, at the punishment phase, sought to take the stand and testify to his version of the facts. We held that this evidence was properly excluded as not being relevant at the punishment phase of the trial.

Evidence of affirmative defenses which would exonerate the defendant is not admissible at the punishment phase of the trial. The court properly excluded such evidence in this case.

Appellant complains that he was denied jail time credit from July 28, 1975, to June 4, 1976. Appellant was credited with time from March 25, 1975, to July 28, 1975, while he was held in the Liberty County jail. He

was then transferred to the Polk County jail, received a sentence there and was sent to the Texas Department of Corrections.

■ Appellant is entitled to all time spent in jail "on said cause." Article 42.03, V.A.C.C.P.; *Harrelson v. State,* 511 S.W.2d 957 (Tex.Cr.App.1974). However, when he is confined by another jurisdiction, he is confined "on said cause" only if a detainer or hold is lodged against him. *Ex parte Alvarez,* 519 S.W.2d 440 (Tex.Cr.App.1975); *Ex parte Spates,* 521 S.W.2d 265 (Tex.Cr.App.1975).

The record fails to reflect that a hold was placed by Liberty County with either Polk County or the Department of Corrections. Based on the record, appellant is entitled to no additional time. If in fact a hold was placed, appellant should be credited with all such time.

■ In his next ground of error, appellant, by way of a pro se brief and his counsel's supplemental brief, contends that he was tried on a fundamentally defective indictment. Excluding the formal parts, the primary count of the indictment alleges:

"... did then and there while in the course of committing theft and with intent to exercise control over property of Harry Lee Ainsworth, to-wit: a pickup truck, without the effective consent of the said Harry Lee Ainsworth and with intent to deprive the said Harry Lee Ainsworth of said property, did then and there by using and exhibiting a deadly weapon, to-wit: a gun, knowingly and intentionally threaten and place Harry Lee Ainsworth in fear of imminent bodily injury and death. ..."

Appellant argues that because the indictment substitutes the phrase "with intent to exercise control over property" for the statutory "with intent to obtain or maintain control over property," the indictment is fundamentally defective.

■ Appellant filed no motion to quash and does not contend that he was not given sufficient notice to defend himself against

the charge. The charge to the jury contained the statutory "obtain or maintain" definition. Thus, there was no chance that the substitute wording in the indictment affected the jury's deliberation.

Article 21.17, V.A.C.C.P., provides:

"Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words."

The exact words of the statute need not be alleged when there is no material difference between the allegations. *Church v. State,* 552 S.W.2d 138 (Tex.Cr.App.1977).

"Obtain" refers to the initial portion of exercising control; "maintain" refers to the continuation of exercising control. The words are sufficiently similar and there is no material difference. The indictment is proper.

■ Finally, appellant contends the indictment in a prior burglary conviction used against him at the punishment phase is void. This allegation is currently pending on a collateral attack of that conviction. Assuming, without deciding that the burglary conviction is void, we note that the State also introduced six robbery by assault convictions at the punishment phase. Given the number and nature of these convictions and the fact of the possession of several weapons by the defendant in the current transaction, the introduction of the burglary conviction is harmless error. *Marks v. State,* 454 S.W.2d 749 (Tex.Cr. App.1970).

We have examined the other grounds raised in appellant's pro se brief. They are without merit.

There is no reversible error. The conviction is affirmed.