**John HOPKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6-81-013-CR.**

Court of Appeals of Texas, Texarkana.

Feb. 2, 1982.

A. Webb Biard, Cornett, Echols & Biard, Paris, for appellant.

Tom Wells, County and Dist. Atty., Paris, for appellee.

CORNELIUS, Chief Justice.

John Hopkins appeals his conviction for possessing a prohibited weapon. The jury assessed punishment at eight years confinement.

The State's evidence revealed that appellant was found in his automobile in possession of a shotgun which had a barrel measuring eleven inches. According to the provisions of Tex.Penal Code Ann. § 46.-06(a)(3) and § 46.01(10) (Vernon 1974), a shotgun with a barrel less than eighteen inches in length constitutes a short barreled firearm and is prohibited.

The sufficiency of the evidence is not challenged. The single ground of error assigned on appeal is that the trial court erred in refusing to allow appellant to introduce into evidence at the punishment stage of the trial a shotgun having a barrel eighteen inches in length. The gun so offered was not the one appellant was charged with possessing, but was another gun which appellant alleged had been purchased at a local Gibson's store. Appellant contended that he should have been allowed to introduce the gun before the jury so that the jury could see that other short barreled guns are available for purchase and "...

that an individual can legally purchase the same or a similar weapon at a Gibson's store ...". It is contended that such evidence would assist the jury in assessing the proper punishment.

We cannot perceive any error in the exclusion of the proffered evidence. Evidence by way of defense may not be admitted at the punishment stage of the trial. *Nixon v. State*, 572 S.W.2d 699 (Tex. Cr.App.1978). And the fact that a legal weapon similar to that involved in the offense, or even an illegal weapon, can be purchased at a retail store does not have any bearing upon the punishment to be assessed the defendant in the case on trial. The punishment stage is for the production of evidence relating to the defendant's prior criminal record, his general reputation and character, and any relevant evidence tending to mitigate the punishment. Tex.Code Crim.Pro.Ann. art. 37.07, § 3(a) ·(Vernon 1981); *Allaben v. State*, 418 S.W.2d 517 (Tex.Cr.App.1967). We do not consider the proffered evidence to be mitigating as to punishment. If it could have some effect in that regard we conclude that its exclusion here would not constitute cause for reversal.

The judgment is affirmed.