**Belinda Joyce THOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–85–00393–CR.**

Court of Appeals of Texas,
Dallas.

April 9, 1986.

Mark F. Holland, J. Stephen Cooper, Dallas, for appellant.

John Vance, Dist. Atty., Michael A. Klein, Asst. Dist. Atty., Dallas, for appellee.

Before GUITTARD, C.J., and AKIN and HOWELL, JJ.

HOWELL, Justice.

Appellant Belinda Joyce Thomas was convicted before a jury of murder and sentenced to forty years imprisonment. She appeals, bringing forward three grounds of error. Finding no reversible error, we affirm.

In her first ground of error, appellant complains that the trial court erred in failing to enter findings of fact and conclusions of law as to the voluntariness of appellant's written confession. This court has allowed the State to supplement the record to include the findings of fact and conclusions of law. Appellant's first ground is overruled.

Appellant contends that the prosecutor engaged in improper jury argument. During the punishment phase, the prosecutor argued, "I'd ask you to render a life sentence, because that's all you can do. You can't bring Dwayne Holloway back, but you can tell his family and anyone else that hears—" At this point, appellant's counsel interrupted with an objection. "Your Honor, I'll object to any referral [sic] to anyone in the audience." The judge sustained the objection and instructed the jury to disregard the remark but denied appellant's request for mistrial.

Appellant's objection was premature. The prosecutor might have completed the statement in a permissible manner, such as a plea for law enforcement. *See Hightower v. State,* 629 S.W.2d 920, 926 (Tex.Crim. App.1982); *Alejandro v. State,* 493 S.W.2d

230, 231–32 (Tex.Crim.App.1973). The mere mention of the victim's family, even if improper, was cured by the court's prompt instruction to disregard. *Culley v. State,* 505 S.W.2d 567, 569 (Tex.Crim.App.1974); *Guzman v. State,* 649 S.W.2d 77, 80 (Tex. App.—Corpus Christi 1982, no pet.).

Appellant's third ground of error urges that the trial court erred in refusing to permit his counsel to argue appellant's innocence during the punishment phase of the trial. Evidence of innocence during the punishment phase is not admissible. *Nixon v. State,* 572 S.W.2d 699, 701 (Tex.Crim. App.1978). The punishment phase of the trial is directed to the defendant's prior criminal record, his reputation and character, and evidence tending to mitigate punishment. *Hopkins v. State,* 628 S.W.2d 496 (Tex.App.—Texarkana 1982, no pet.). The excluded argument was not directed at mitigation of punishment but sought to suggest that appellant did not cause the deceased's death. If *evidence* of innocence is not allowable, neither is *argument* of innocence.

Appellant contends that such argument at the punishment phase should be permitted because of the "well known phenomenon of compromise verdicts." Whatever the merits of this approach as trial strategy, we feel constrained to note that compromise verdicts are improper under Texas law and, when discovered, warrant a new trial. TEX.CODE CRIM.PROC.ANN. art. 40.03(3) (Vernon 1979). To allow appellant's counsel to argue innocence at the punishment phase would license counsel to "fish" for jury misconduct. Ground of error three is overruled.