Affirmed and Memorandum Opinion filed July 3, 2007








Affirmed and Memorandum Opinion filed July 3, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00108-CR

_______________

 

RICARDO RODRIGUEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 351st District Court

 Harris County, Texas

Trial Court Cause No. 1027498

                                                                                                                                               


 

M E M O R
A N D U M  O P I N I O N

A jury
found appellant, Ricardo Rodriguez, guilty of aggravated sexual assault and
sentenced him to forty years= confinement.  In two issues, he contends the evidence is
legally and factually insufficient to support his conviction.  Our disposition
is based on clearly settled law.  Accordingly, we issue this memorandum opinion
and affirm.  See Tex. R. App. P. 47.4.

 

 








I. Background

On April
30, 2005, appellant had oral and vaginal sex with C.L., his twenty-year old
mentally retarded sister-in-law.  At the time, C.L. was living with her mother
(appellant=s mother-in-law), Lisa, but frequently spent weekends visiting her
sister, Denise Rodriguez, and her husband, appellant, at their apartment in
Houston, Texas.  Appellant testified at trial that he had sex with C.L.
approximately four or five times between November 2004 and April 2005.  During
this period, Denise and her children often spent weekends with Lisa, leaving
appellant and C.L. alone at the apartment.

Appellant=s sexual encounters with C.L. came to
light when C.L. was questioned by Lisa.  Lisa became suspicious when appellant
was irrate that C.L. was being placed in a group home in New Braunfels, Texas. 
When questioned by Lisa and a family friend, named Jessica Petter, C.L. gave a
detailed account of her sexual encounters with appellant, including the use of
sex toys and pornography.  The following day, Denise and Jessica found the sex
toys and pornography at appellant=s apartment in the place indicated by
C.L.   C.L. recounted the sexual encounters with appellant on three separate
occasions, each time to a different person.  She first told her story to Lisa,
then to Jessica, and yet a third time to Denise.  Jessica testified at trial
that each recounting of the story was in C.L.=s own words and each time the details
of the story were consistent. 

The day
after she was informed of the sexual encounters, Lisa filed a report with the
Houston Police Department.  Officer Bobby Roberts took sworn statements from
Lisa and Jessica.  C.L. was interviewed at the Children=s Assessment Center by a forensic
interviewer while Officer Roberts watched on a monitor in another room. 
Officer Roberts testified that C.L.=s story was consistent with the sworn
statements provided by Lisa and Jessica.  Subsequently, appellant was charged
with aggravated sexual assualt.  

 








II. Standard of Review

In determining legal sufficiency, we view all the evidence
in the light most favorable to the verdict and then decide whether a rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Salinas
v. State, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005).  The jury, as the
sole judge of the credibility of the witnesses, is free to believe or
disbelieve all or part of a witness=s testimony.  Jones
v. State, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998).  We do not engage in
a secondary evaluation of the weight and credibility of the evidence; however,
we determine whether the jury reached a rational decision.  Muniz v. State,
851 S.W.2d 238, 246 (Tex. Crim. App. 1993); Harris v. State, 164 S.W.3d
775, 784 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d).  

In determining factual sufficiency,  we view all the
evidence in a neutral light and set aside the verdict Aonly if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust.@  Cain v. State,
958 S.W.2d 404, 407 (Tex. Crim. App. 1997) (quoting Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996)).  Before we reverse for factual
insufficiency, we must first conclude, with some objective basis in the record,
that the great weight and preponderance of the evidence contradicts the jury=s verdict.  Watson
v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).  When reviewing
evidence, we must avoid intruding on the fact-finder=s role as the sole
judge of the weight and credibility of the witness testimony.  Johnson v.
State, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000).  We do not re-evaluate the
credibility of witnesses or the weight of evidence, and will not substitute our
judgment for that of the fact-finder.  Johnson v. State, 967 S.W.2d 410,
412 (Tex. Crim. App. 1998).








Appellant
was charged with aggravated sexual assault by unlawfully, intentionally, and
knowingly causing the penetration of the sexual organ of C.L., a disabled
person, by placing his sexual organ in C.L.=s sexual organ without her effective
consent.  See Tex. Penal Code
Ann. '' 22.021(a)(1)(A)(i) and (a)(2)(C) (Vernon Supp. 2006).  A sexual assault
is without the consent of the other person if the actor knows that as a result
of mental disease or defect the other person is at the time of the sexual
assault incapable either of appraising the nature of the act or of resisting
it.  Tex. Penal Code Ann. '' 22.011(b)(4), 22.021(c)  (Vernon
Supp. 2006).  A disabled individual is a person older than fourteen years of
age who by reason of mental disease or defect is substantially unable to
protect herself from harm or to provide food, shelter, or medical care for
herself.  Tex. Penal Code Ann. ' 22.04(c)(3) (Vernon Supp. 2006).  

III. Discussion

Appellant
challenges legal and factual sufficiency of the evidence to support the jury=s finding that C.L., as a result of
her mental disease or defect at the time of the sexual encounters, was
incapable either of appraising the nature of the act or of resisting it. 
Specifically, appellant contends C.L. was capable of appraising the nature of
the sexual act or resisting it because C.L. testified that she had engaged in
sexual activity with her cousin prior to this incident, enjoyed the sexual
activity with appellant, and liked looking at appellant=s Adirty@ books.  He also claims that she was
not a disabled person. 

Initially,
we note that whether or not C.L. gave actual consent is immaterial.  See
Rider v. State, 735 S.W.2d 291, 293 (Tex. App.CDallas, 1987, no writ).  The issue is C.L.=s mental capacity to consent.  See
id.  The purpose of the effective consent provision of section 22.011(b)(4)
is to protect those whom the law deems incapable of consent.  See id. 
If the law deems C.L. incapable of giving consent, she is also incapable of
withholding consent.  See id.  In applying this provision, we focus on
cognitive and physical elements to determine C.L.=s ability to appraise the nature of
the act or to resist it.  See id. at 292.








In
evaluating appellant=s complaint, we consider decisions from two of our sister courts. 
First, in Martinez v. State, the defendant sexually assaulted a
twenty-nine-year-old woman whom he met while she was out with her mother
earlier that evening.  634 S.W.2d 929, 932 (Tex. App.CSan Antonio 1982, writ ref=d).  At trial, the complainant=s family members testified regarding
the history of her mental deficiencies and her current abilities.  Id.
at 933.  The complainant herself testified to her version of the events.  Id. 
There was also medical and psychiatric evidence showing the complainant=s mental retardation to be obvious
after only a short time spent conversing with her and that the complainant was
easily deceived by others.  Id. at 933B34.  The complainant was in the moderate range of mental retardation with
an I.Q. ranging from 55 to 65.  Id. at 933.  The court psychiatrist
testified that the complainant=s understanding of sexual intercourse was primitive at best. 
Id.  In his opinion, she was incapable of appraising the act and of
resisting it.  Id.  The San Antonio Court of Appeals found the evidence
sufficient to support the jury=s finding that the complainant in that case was incapable of
either appraising the nature of the act or of resisting it.  Id. at 936.

Second,
in Rider v. State, the defendant worked at a residential facility for
mentally retarded adults.  735 S.W.2d at 291.  The defendant was convicted of
sexually assaulting a twenty-nine-year-old resident of the facility.  Id. 
At trial, the complainant=s mother testified that he had spent most of his life in
facilities for the mentally retarded. Id. at 292.  The complainant also
testified.  Id. at 293.  Evidence showed that the complainant was
considered mildly retarded with an I.Q. of 51.[1] 
Id. at 292.  The Dallas Court of Appeals found the evidence sufficient
to support the jury=s finding that the complainant was incapable of either
appraising the nature of the act or of resisting it.  Id. at 293.








The type
of evidence presented in this case is similar to that presented in  Martinez
and Rider.  At trial, there was a significant amount of testimony
concerning C.L.=s cognitive and physical abilities.  C.L.=s mother, Lisa, testified that from
birth C.L. was slow to learn and in kindergarten she was diagnosed with a
learning disability.  Because of her disability, C.L. is eligible for and
receives Supplemental Social Security Income (SSI).  In order to remain
eligible for SSI, C.L. undergoes psychological and psychiatric testing every
two years.  C.L. was enrolled exclusively in special education classes until
she graduated high school.  C.L. lives in a group home in Austin, Texas,
because she is unable to handle money or provide for her nutritional and
medical needs.  Lisa did acknowledge that C.L. is able to bathe, prepare
microwave meals, and dress without assistance.  Lisa=s description of C.L.=s limitations was supported by
testimony from Donna Fitzgerald, C.L.=s aunt, and Jessica Petter, a close
friend.

Cherie
Thomas, the house manager at the group home where C.L. currently resides,
testified that C.L. has an I.Q. of 53, which is in the mild to moderate range
of mental retardation.  She opined that C.L. would not be able to resist
someone who is pressuring her to engage in sexual activity.  According to
Thomas, C.L. is prone to suggestion and can be cajoled into agreeing with a
story that is not true.

Results
of psychological testing conducted in April 2005 were also introduced at
trial.  The tests indicate C.L.=s social and communication skills are at the level of a
person three years and eight-months old.  The tests showed that her broad
independence is at the level of a person five years and ten-months old.  








In
addition to hearing the testimony of friends and family, the jury observed C.L.
as she testified about details of her sexual encounters with appellant.  C.L.
was led through one version of her account by the prosecutor, in which she
effectively characterized the sexual encounter as a sexual assault.  Then, she
was led through a completely different version by the defense attorney in which
she testified she seduced appellant.  In both versions, C.L. agreed with the
attorney asking her questions.  The jury was free to infer from C.L.=s testimony that she is prone to
suggestion, an observation offered by several witnesses.  Yet, the jury was
free to believe the version offered by the State.

C.L.=s mother, her current care-giver, and
special education teacher each respectively testified that she is a person
older than fourteen years of age who by reason of physical or mental disease or
defect is substantially unable to protect herself from harm or to provide her
own food, shelter, or medical care.  See Tex. Penal Code Ann. ' 22.04(c)(3) (Vernon Supp. 2006).

Appellant
and his wife, Denise, were the only defense witnesses.  They testified that
C.L. is smarter than she appears.  Appellant admitted that he knew C.L. was a
special education student and a competitor in the Special Olympics.  Appellant
also testified  that he had been told C.L. had the mind of a nine-year old. 
However, appellant testified that C.L. did not seem mentally retarded to him. 
He thought that C.L. mentally seemed like a twenty-year old when she was with
him.  

The jury
heard the testimony of all of the witnesses, including C.L.  The jury was in a
much better position to determine whether C.L. was capable of appraising the
nature of the act or of resisting it than is this court, and their finding will
not be disturbed where it is supported by the record.  See Martinez, 634
S.W.2d at 935B36.  The jury is the sole judge of
the weight and credibility of the witnesses= testimony.  Johnson, 23
S.W.3d at 9.  The jury may believe some witnesses and refuse to believe
others.  See Nixon v. State, 572 S.W.2d 699, 700B01 (Tex. Crim. App. 1978).                                                                                                                             








Examining
the evidence in the light most favorable to the verdict, we conclude that a
reasonable jury could have found beyond a reasonable doubt that C.L., as a
result of her mental disease or defect at the time of the sexual encounter with
appellant, was incapable either of appraising the nature of the act or of
resisting it and was a disable person.  Therefore, the evidence is legally
sufficient to support the jury=s verdict.  Viewing the evidence in a neutral light, we further
conclude that the jury=s verdict is not contrary to the great
weight and preponderance of the evidence.  Accordingly, the evidence is
factually sufficient to support the verdict. 

            Appellant=s first and second issues are
overruled, and the trial court=s judgment is affirmed.

 

 

 

/s/        Charles W. Seymore

Justice

 

 

Judgment rendered and Memorandum
Opinion filed July 3, 2007.

Panel consists of Justices Frost,
Seymore, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 









[1]  We note the Dallas Court of Appeals included in its
analysis the fact that the complainant had received sex education, but the
class did not address anal intercourse.  Rider, 735 S.W.2d at 292. 
However, analysis under Penal Code section 22.011(b)(4) focuses on the mental
capacity of the complainant. See  Tex.
Penal Code Ann. '' 22.011(b)(4) and 22.021(c). Whether a complainant
received sex education does not have any relevance to mental capacity. 
Accordingly, in our analysis, we do not consider whether the complainant
received sex education.