# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00499-CV

### In re Joe Torres Garza

## ORIGINAL PROCEEDING FROM HAYS COUNTY

## M E M O R A N D U M   O P I N I O N

Joe Torres Garza petitions for writ of mandamus seeking to compel the district court to enter a nunc pro tunc order modifying his judgment of conviction to reflect time spent in the custody of the Texas Department of Criminal Justice (TDCJ) on a detainer requested by the Hays County Sheriff's Office. For the reasons explained herein, we will conditionally grant relief.

On February 3, 2011, Garza was convicted under a plea agreement of the offense of aggravated assault with a deadly weapon in trial court cause number 09-621. The judgment of conviction shows that Garza pled guilty to the offense and was sentenced to five years' imprisonment. Despite the plea bargain's lack of a jail-time credit term, the judgment also shows that Garza was awarded jail-time credit for the periods from May 6, 2009 to May 20, 2009, and from June 25, 2010 to February 3, 2011.

Garza contends that he was also entitled to jail-time credit from November 23, 2009 until June 25, 2010. During this period, Garza was held by TDCJ on a detainer requested by the Hays County Sheriff's Office pending prosecution of the aggravated assault with a deadly weapon

charge.[1]  Garza filed a motion for judgment nunc pro tunc requesting the district court grant him the missing time-credit.  By order dated September 6, 2011, the district court denied his motion without explanation.  Garza has now filed a petition for writ of mandamus complaining of the district court's order and claiming entitlement to credit for the time spent incarcerated on the detainer requested by Hays County.[2]

"The traditional test for determining whether mandamus relief is appropriate requires the relator to establish two things."  *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).  "First, he must show that he has no adequate remedy at law to redress his alleged harm."  *Id*.  "Second, he must show that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision."  *Id*.  "If the relator fails to satisfy either aspect of this two-part test, then relief should be denied."  *Id*.  The latter requirement is satisfied if the relator can show he has "a clear right to the relief sought."  *Id*.  In other words, "an act may be regarded as 'ministerial' when the facts are undisputed and, given those undisputed facts, 'the law clearly spells out the duty to be performed . . . with such certainty that nothing is left to the exercise of discretion or judgment.'"  *Id*. (quoting *State ex rel. Healey v. McMeans*, 884 S.W.2d 772, 774 (Tex. Crim. App. 1994)).

---

[1]  Garza provided this Court with a signed affidavit from the Texas Department of Criminal Justice, Classification and Records section detailing the circumstances of the detainer.

[2]  Garza previously filed a petition for writ of mandamus with this Court requesting the same relief.  *See In re Garza*, No. 03-11-00820-CV, 2012 WL 512678, at *1 (Tex. App.—Austin Feb. 15, 2012, orig. proceeding) (mem. op.).  We denied that petition without prejudice because the record did not demonstrate that Garza had an indisputable right to the relief requested.  Along with his current petition, Garza has attached sufficient record support to demonstrate entitlement to the requested relief.

"In all criminal cases the judge of the court in which the defendant was convicted shall give the defendant credit on his sentence for the time the defendant has spent (1) in jail in said cause . . . from the time of arrest and confinement until his sentence by the trial court." Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a)(1) (West Supp. 2011). Consequently, "[t]he trial court is required to grant the [defendant] pre-sentence jail time when sentence is pronounced." *See Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004). If the trial court does not do so at that time, the defendant may later file a motion for judgment nunc pro tunc requesting the time credit. *See id*. "Whenever a defendant can show indisputably that he has been denied jail-time credit for a period of pre-trial incarceration for the identical 'case' for which he was convicted and sentenced, he is entitled to relief from the convicting court in the form of a judgment nunc pro tunc and, failing that, by writ of mandamus in the court of appeals." *In re Brown*, 343 S.W.3d 803, 805 (Tex. Crim. App. 2011).

When a person is already confined, either physically or constructively, by another jurisdiction for a separate offense, he is confined on the charged offense only if a detainer or "hold" is lodged against him by that jurisdiction. *See Ex parte Bynum*, 772 S.W.2d 113, 114 (Tex. Crim. App. 1989) (per curiam); *Nixon v. State*, 572 S.W.2d 699, 701 (Tex. Crim. App. 1978). The effect of a detainer or hold while incarcerated in TDCJ is "no different than if [the petitioner] had been incarcerated in another state's prison or in a federal penitentiary." *Bynum*, 772 S.W.2d at 115. "No formal detainer is required if it is established by some other means that the prisoner was detained in that cause . . . ." *Ex parte Hannington*, 832 S.W.2d 355, 356 (Tex. Crim. App. 1992) (citing *Ex parte Kuban*, 763 S.W.2d 426 (Tex. Crim. App. 1989)). "If in fact a hold was placed, appellant should be credited with all such time." *Nixon*, 572 S.W.2d at 701.

Here, the record demonstrates that Garza was serving a nine-month sentence in TDCJ for unauthorized use of a motor vehicle when, on November 23, 2009, the Hays County Sheriff's Office placed a detainer on him for the aggravated assault with a deadly weapon offense. That detainer remained in effect until TDCJ discharged Garza on June 25, 2010. We conclude Garza is entitled to jail-time credit for the entire time he was held on the detainer lodged by the Hays County Sheriff's Office. *See Bynum*, 772 S.W.2d at 116; *see also In re Daisy*, 156 S.W.3d 922, (Tex. App.—Dallas 2005, orig. proceeding) (relator entitled to credit for pre-sentence jail-time spent in another jurisdiction).[3]

Accordingly, we conditionally grant Garza's petition for writ of mandamus and direct the district court to vacate its order denying Garza's motion for judgment nunc pro tunc and to enter a judgment nunc pro tunc awarding Garza credit for the amount of time he served while on detainer prior to sentencing. The writ will issue only if the district court fails to take appropriate action.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Filed: August 15, 2012

---

[3] Garza is entitled to the requested relief even though his plea agreement is silent as to jail-time credit. *See In re Gomez*, 268 S.W.3d 262, 266 (Tex. App.—Austin 2008, orig. proceeding) (conditionally granting mandamus relief in form of nunc pro tunc judgment in case in which "plea agreement did not address, one way or the other, whether [relator] was to receive back-time [credit] or how much")

4