

# NUMBER 13-13-00323-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI — EDINBURG

## IN RE ADRIAN GABRIEL LOPEZ ALVARADO

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides and Longoria**
**Memorandum Opinion by Justice Benavides[1]**

On June 25, 2013, relator, Adrian Gabriel Lopez Alvarado, filed a petition for writ of mandamus through which he seeks to compel the trial court to grant him an additional fifty-nine days of pre-sentence jail time credit in trial court cause number CR-2621-07-E in the 275th Judicial District Court of Hidalgo County, Texas. We conditionally grant the petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

## II. STANDARD OF REVIEW

To be entitled to mandamus relief, the relator must show:  (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act.  *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013).   If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

A remedy at law, though it technically exists, "may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate."  *Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 648–49 (Tex. Crim. App. 2005).   The ministerial-act requirement is satisfied if the relator can show a clear right to the relief sought.   *In re State ex rel. Weeks*, 391 S.W.3d at 122.   A clear right to relief is shown when the facts and circumstances dictate but one rational decision "under unequivocal, well-settled (*i.e.*, from extant statutory, constitutional, or case law sources), and clearly controlling legal principles."  *Bowen v. Carnes*, 343 S.W.3d 805, 810 n.6 (Tex. Crim. App. 2011); *see In re State ex rel. Weeks*, 391 S.W.3d at 122.

## II. BACKGROUND

Relator is seeking an additional fifty-nine days of pre-sentence jail time credit in trial court cause number CR-2621-07-E in Hidalgo County, in which he was convicted of aggravated robbery and sentenced to five years in prison.  The judgment awarded relator ninety-five days credit for time spent in jail from May 24, 2007 to August 6, 2007 (seventy-five days), November 23, 2010 to December 1, 2010 (eight days), and June 21,

2012 to July 2, 2012 (twelve days). Relator contends that he is entitled to additional time credit for the period from March 26, 2007 to May 23, 2007 (fifty-nine days) for time spent in the Jackson County jail by virtue of a "hold" lodged against him by Hidalgo County in the underlying aggravated robbery case. On January 11, 2013, relator moved for a nunc pro tunc judgment to correct the time credit served. The respondent in this original proceeding, the Honorable Juan Partida, denied the motion for nunc pro tunc judgment on February 13, 2013.

This original proceeding ensued. By one issue, relator contends that he should be granted an additional fifty-nine days of pre-sentence jail time credit in the Hidalgo County aggravated robbery case in cause number CR-2621-07-E. The Court requested that the real party in interest, the State of Texas by and through the District Attorney in and for Hidalgo County, Texas, file a response to relator's petition for writ of mandamus. The State's response has been duly filed.

### III. ANALYSIS

The trial court is required to grant an applicant pre-sentence jail time credit when sentence is pronounced. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(a) (West 2004). If the trial court fails to award such credit at the time the sentence is imposed, the trial court has the authority to correct the judgment to reflect the appropriate time credit by nunc pro tunc order. *See* TEX. R. APP. P. 23.2; *Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004) (orig. proceeding). If a party moves for a nunc pro tunc order and the convicting court fails to rule on, or inappropriately denies the motion, the applicant may seek a writ of mandamus to the court of appeals. *Ex parte Deeringer*, 210 S.W.3d 616, 617–18 (Tex. Crim. App. 2006) (orig. proceeding). When the relator can show

3

"indisputably" that he has been wrongly denied jail-time credit, he is entitled to relief from the convicting court in the form of a judgment nunc pro tunc and, failing that, by writ of mandamus in the court of appeals. *In re Brown*, 343 S.W.3d 803, 805 (Tex. Crim. App. 2011) (orig. proceeding) (per curiam); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(a)(1) (West Supp. 2012).

A prisoner confined by another jurisdiction is confined for purposes of article 42.03 "only if a detainer or hold is lodged against him." *Nixon v. State*, 572 S.W.2d 699, 701 (Tex. Crim. App. 1978); *see Ex parte Bynum*, 772 S.W.2d 113, 114 (Tex. Crim. App. 1989) (per curiam). The effect of a detainer or hold while incarcerated is "no different than if [the petitioner] had been incarcerated in another state's prison or in a federal penitentiary." *Bynum*, 772 S.W.2d at 115. "No formal detainer is required if it is established by some other means that the prisoner was detained in that cause." *Ex parte Hannington,* 832 S.W.2d 355, 356 (Tex. Crim. App. 1992) (citing *Ex parte Kuban*, 763 S.W.2d 426 (Tex. Crim. App. 1989)). If a hold was placed on a prisoner, the prisoner should be credited with all such time held. *See Nixon*, 572 S.W.2d at 701.

Here, relator appropriately filed a motion for judgment nunc pro tunc, which was denied by the trial court. Because there is no adequate remedy at law to address the alleged harm, relator is permitted to seek recourse by petitioning for issuance of a writ of mandamus. *See In re Brown*, 343 S.W.3d at 805. By response to the petition for writ of mandamus, the State has, consistent with its ethical and statutory duties, conceded that relator is entitled to the additional time credit that he seeks.

## IV. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus and the response thereto, is of the opinion that relator has shown himself entitled to the relief sought. Accordingly, we conditionally grant the petition for writ of mandamus and direct the district court to vacate its order denying relator's motion for judgment nunc pro tunc and to enter a judgment nunc pro tunc awarding relator the additional fifty-nine days of pre-sentence jail time credit requested. The writ will issue only if the district court fails to take appropriate action in accordance with this opinion.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
10th day of July, 2013.

5