

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-57,597-03

**EX PARTE KENNETH WAYNE GILMORE, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 893844-B IN THE 248TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to burglary of a habitation and was sentenced to fifty years' imprisonment.

Applicant contends that he is being denied credit for time spent in prison on a new charge awaiting a parole revocation hearing in this case. The record indicates that a parole revocation warrant was issued on May 22, 2013, but was never executed. Applicant was convicted of an offense committed while he was out on parole on July 10, 2013, and was transferred to TDCJ on September 9, 2013. His parole was not revoked until November 20, 2014. The record does not

indicate whether a detainer or hold was in place for this charge at any time while Applicant was awaiting revocation of parole.

Applicant has alleged facts that, if true, might entitle to relief. *Nixon v. State*, 572 S.W.2d 699, 701 (Tex. Crim. App. 1978). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez,* 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit stating whether there were any detainers or holds in place for this cause at any time during the period from the issuance of the pre-revocation warrant on May 22, 2013, until the parole revocation on November 17, 2014. If there were any detainers or holds placed on Applicant for this cause, the affidavit shall list the date(s) during which those detainers or holds were in effect, and shall state whether Applicant is receiving credit for any such time. The trial court may also order depositions, interrogatories or a hearing. In the appropriate case, the trial court may rely on its personal recollection. *Id*. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant was subject to a detainer or hold for this cause at any time while he was awaiting revocation of his parole. If he was subject to any detainers or holds, the trial court shall supplement the habeas record with copies of any documentation showing the existence of such detainers or holds. The trial court shall also make findings and conclusions as to whether Applicant is receiving the proper amount of time credit for that time. The trial court shall also make any other findings of fact and conclusions

3

of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: August 24, 2016
Do not publish