

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00171-CR

_____

MICKEY WAYNE LEWIS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 46855-B

Before Morriss, C.J., Burgess and Stevens, JJ.
Opinion by Justice Burgess

OPINION

Mickey Wayne Lewis pled guilty to failure to register as a sex offender.[1] Lewis elected court-assessed punishment without a sentencing recommendation. The trial court sentenced Lewis to eight years' imprisonment. On appeal, Lewis asks that we modify the trial court's judgment in three regards: (1) by correcting the statute of the offense, (2) by striking any reference to the possible assessment of attorney fees, and (3) by adding credit for time served in Dallas County while Lewis was being held for his Gregg County offense. We modify the judgment to state the correct offense statute and by striking the assessment of attorney fees. We deny Lewis's other claims for relief and affirm the judgment, as modified.

I.      **Authority to Modify Judgment**

"We have the authority to reform the judgment to make the record speak the truth when the matter has been called to our attention by any source." *Rhoten v. State*, 299 S.W.3d 341, 356 (Tex. App.—Texarkana 2009, no pet.) (citing *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992)). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in [the] trial court; we may act sua sponte and may have a duty to do so." *Id.*; *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd); *French*, 830 S.W.2d at 609. "The Texas Rules of Appellate Procedure also provide direct authority for this Court to modify the trial court's judgment." *Id.* (citing TEX. R. APP. P. 43.2).

---

[1]*See* TEX. CODE CRIM. PROC. ANN. art. 62.102.

2

## II.    Analysis

### A.    The Correct Offense Statute

The judgment lists the statute of the offense of conviction as Section 62.102(b)(2) of the Texas Penal Code.  However, Lewis was convicted under Article 62.102(b)(2) of the Texas Code of Criminal Procedure.  Accordingly, Lewis's first complaint is sustained, and we modify the judgment to reflect the correct statute of offense as Article 62.102(b)(2) of the Texas Code of Criminal Procedure.  *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(b)(2).

### B.    Reimbursement of Attorney Fees

Next, the judgment states, "ATTY FEE[]S:  TBD."  We must determine whether the record supports reimbursement for attorney fees both at trial and on appeal.  For the reasons stated below, we find that it does not.

### 1.    Attorney Fees for Representation at Trial

The record reflects that Lewis asked for court-appointed counsel prior to trial. Nevertheless, there is no order of appointment, no affidavit of indigency, no itemization of the defendant's expenses, and no record of an indigency hearing.  In short, there is nothing in the record showing that Lewis received court-appointed counsel at trial.

It is self-evident that if the defendant did not receive court-appointed counsel, the county is not entitled to reimbursement for attorney fees.  *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Supp.) ("[T]he defendant may not be ordered to pay an amount that exceeds:  (1) the actual costs . . . paid by the county for the legal services provided by an appointed attorney . . . ."); s*ee also Morrison v. State*, 575 S.W.3d 1, 14 (Tex. App.—Texarkana 2019, no pet.) (noting that "only

3

attorneys appointed to represent indigent defendants are required to submit their itemized bills to the trial court for payment).  Because there is nothing in this record establishing that Lewis received court-appointed counsel at trial, the State is not entitled to reimbursement of attorney fees for Lewis' trial counsel.

### 2. Attorney Fees for Representation on Appeal

The record does reflect that Lewis received court-appointed counsel on appeal.  However, a trial court has no statutory authority to appoint counsel unless it first finds that the defendant is indigent.  TEX. CODE CRIM. PROC. ANN. art. 1.051(c) ("an indigent defendant is entitled to have an attorney appointed to represent him"); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.04(o) (Supp.) ("Before making a determination of whether a defendant is indigent, the court shall request the defendant to sign under oath a statement substantially in the following form:  ' . . . . I am without means to employ counsel of my own choosing and I hereby request the court to appoint counsel for me.'").  Accordingly, the fact that the trial court appointed Lewis's appellate counsel is some evidence that it found Lewis to be indigent for purposes of his appeal.  Because there is nothing indicating that the State subsequently established that "there [was] a material change in [Lewis's] financial circumstances," TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (Supp.), the State is not entitled to reimbursement for attorney fees for appellate counsel.  Consequently, the statement in the judgment that court-appointed attorney fees could later be assessed was erroneous, and we modify the trial court's judgment by deleting the language "ATTY FEE[]S:  TBD."

## C.      Credit for Jail Time Served

Finally, Lewis asks us to modify the judgment to reflect credit for time served in Dallas County while his Gregg County charge was pending.  After sentencing Lewis, the trial court announced that he would credit Lewis for time served prior to trial.  The court stated that jail records showed Lewis had been in the Gregg County Jail "from June the 8th to June the 15th, 2018; and then from February 14th through April 24th."  The judgment reflects those dates as credit.  The court then said, "I believe you were in custody, however, in Dallas County at some time during that time, and I will give you credit for those days."  However, the judgment reflects no credit or mention of time served in Dallas County.  "Pre-sentence time credit claims typically must be raised by a motion for judgment nunc pro tunc filed with the clerk of the convicting trial court." *Ex parte Florence*, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010).  "If the trial court denies the motion for judgment nunc pro tunc or fails to respond, relief may be sought by filing an application for writ of mandamus in a court of appeals." *Id.*  An accused shall be credited "for the time that the defendant has spent . . . in jail for the case . . . from the time of his arrest and confinement until his sentence by the trial court."  TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2 (Supp.).  However, where an accused is "confined by another jurisdiction," he is entitled to credit for time held in that other jurisdiction "only if a detainer or hold is lodged against him." *Nixon v. State*, 572 S.W.2d 699, 701 (Tex. Crim. App. [Panel Op.] 1978).  There is nothing in the record

before us indicating that Lewis sought nunc pro tunc relief from the trial court or that a Gregg County detainer was lodged while he was held in Dallas County.[2]

### III. Conclusion

We modify the trial court's judgment (1) to reflect the correct statute of offense as Article 62.102(b)(2) of the Texas Code of Criminal Procedure and (2) by deleting the language "ATTY FEE[]S:  TBD."  As modified, the judgment is affirmed.


Ralph K. Burgess
Justice


Date Submitted:     March 11, 2020
Date Decided:       April 14, 2020

Publish

---

[2]Although trial counsel produced a judgment placing Lewis on deferred adjudication in Dallas County, nothing in that judgment indicates any Dallas County incarceration.