

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-21-00417-CR

Geovanni Jesús **ALVAREZ-RODRIGUEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 7830
Honorable Kirsten Cohoon, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
    Patricia O. Alvarez, Justice
    Beth Watkins, Justice

Delivered and Filed: August 16, 2023

AFFIRMED

This appeal concerns 1) the exclusion of evidence proffered by Appellant Geovanni Jesús Alvarez-Rodriguez at his trial for aggravated sexual assault of a child and 2) the effectiveness of his trial counsel.  We affirm the trial court's judgment.

## BACKGROUND

When Alvarez's brother, the complainant in this case, was sixteen years old, he was suspected of indecency with a child by contact.  He confessed to the offense and disclosed that he

was sexually assaulted by Alvarez seven years earlier. Alvarez was then charged with the sexual assault of his brother, and he confessed to the assault.

Prior to trial, Alvarez's brother recanted. The State went forward with its charge but at the guilt/innocence part of the trial, it did not call Alvarez's brother as a witness. In Alvarez's case in chief, he called his brother to testify. Alvarez attempted to introduce the letter his brother wrote about recanting his prior statement, but the judge excluded the letter as hearsay. His brother testified about the letter and his recantation. The jury nonetheless convicted Alvarez of aggravated sexual assault of a child.

At the punishment part of the trial, Alvarez's brother testified that he did not believe his brother should go to prison because Alvarez himself was the victim of sexual abuse. Alvarez then tried to re-open the issue of his brother's recantation, but the trial court sustained the State's relevance objection. Alvarez then attempted to testify on his own behalf, but he ultimately invoked his Fifth Amendment right against self-incrimination regarding a pending federal charge. The trial court dismissed him from the witness stand.

Alvarez was sentenced to forty years' imprisonment. He now appeals 1) the trial court's exclusion of his brother's letter, 2) the trial court's ruling on the State's relevance objection during punishment, 3) his dismissal from the witness stand after he invoked his Fifth Amendment right against self-incrimination, and 4) his trial counsel's effectiveness.

**WAIVER**

**A.      Rule 801(e)(1)(B): Prior Consistent Statement**

On appeal, Alvarez argues that a letter written by his brother should have been admitted as non-hearsay, specifically as a prior consistent statement. *See* TEX. R. EVID. 801(e)(1)(B);

*Hammons v. State*, 239 S.W.3d 798, 804 (Tex. Crim. App. 2007).[1]  However, at trial, Alvarez never articulated that his proffered out-of-court statement should be considered as a prior consistent statement.  Rather, the letter was used as a guide during Alvarez's brother's testimony to "refresh his memory."  *See Welch v. State*, 576 S.W.2d 638, 641 (Tex. Crim. App. 1979).  At no time did Alvarez indicate he was rebutting an express or implied charge of recent fabrication or improper motive in his brother's testimony.  *See* TEX. R. EVID. 801(e)(1)(B).  Because Rule 801(e)(1)(B) was never cited or described for the trial court's consideration, we consider it waived on appeal.  *See Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005) ("[I]t is not enough to tell the judge that evidence is admissible.  The proponent, if he is the losing party on appeal, must have told the judge why the evidence was admissible.").

**B.      Circumstantial Evidence Not Offered for the Truth of the Matter Asserted**

Alvarez cites *Gholson v. State*, 542 S.W.2d 395, 398 (Tex. Crim. App. 1976), for the proposition that "[a]n extra-judicial statement or writing may be admitted as circumstantial evidence from which an inference may be drawn, and not for the truth of the matter stated therein, without violating the hearsay rule."  This argument was not raised to the trial court.  It is now waived on appeal.  *See* TEX. R. APP. P. 33.1; *Reyna*, 168 S.W.3d at 177.

---

[1] A prior consistent statement can be "offered to rebut an express or implied charge that the declarant recently fabricated [his testimony] or acted from a recent improper influence or motive in so testifying."  TEX. R. EVID. 801(e)(1)(B); *Hammons v. State*, 239 S.W.3d 798, 804 (Tex. Crim. App. 2007).

**C.**      **Exceptions to the Rule Against Hearsay**

*1.  Rule 803(3): Then-Existing Mental, Emotional, or Physical Condition*

Alvarez raises Texas Rule of Evidence 803(3) in support of his argument that his brother's letter should have been admitted at trial.[2]  Alvarez did not raise this exception at trial, and we now consider it waived.  *See* TEX. R. APP. P. 33.1; *Reyna*, 168 S.W.3d at 177.

*2.  Rule 803(24): Statement Against Interest*

Alvarez next raises hearsay exception Rule 803(24).  *See* TEX. R. EVID. 803(24).[3]  However, he did not raise this argument at trial.  We consider it waived.  *See* TEX. R. APP. P. 33.1; *Reyna*, 168 S.W.3d at 177.

**D.**      **Right to Limit One's Own Punishment Testimony**

Alvarez argues that the trial court should not have excused him from the witness stand after he invoked his Fifth Amendment right against self-incrimination regarding his pending federal charge.  He argues that the State should have been limited in its cross-examination by Texas Rule of Evidence 404.  Alvarez did not make these arguments to the trial court, and we consider them waived.  *See* TEX. R. APP. P. 33.1; *Reyna*, 168 S.W.3d at 177.

PUNISHMENT PHASE: RELEVANCE OF A COMPLAINANT'S RECANTATION

**A.**      **Parties' Arguments**

Alvarez argues that the trial court should have allowed him to question his brother about his prior recantation.  The State argues that recantation is not relevant in the punishment phase.

---

[2] Rule 803(3) allows out-of-court statements into evidence if they reflect the declarant's then-existing state of mind or emotional, sensory, or physical condition, but not a statement of memory or belief to prove the fact remembered or believed (unless it relates to the validity or terms of the declarant's will).  *See* TEX. R. EVID. 803(3); *Delapaz v. State*, 228 S.W.3d 183, 206 (Tex. App.—Dallas 2007, pet. ref'd).

[3] Rule 803(24) allows for the admission of out-of-court statements that are against the declarant's interest—in this case, by "invalidat[ing] the declarant's claim against someone else."  TEX. R. EVID. 803(24); *Kennedy v. State*, 184 S.W.3d 309, 317 n.7 (Tex. App.—Texarkana 2005, pet. ref'd).

**B.**      **Standard of Review**

"A trial court has broad discretion in determining the admissibility of evidence presented at the punishment phase of trial." *Schultze v. State*, 177 S.W.3d 26, 40 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (citing *Henderson v. State*, 29 S.W.3d 616, 626 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd)). "We will not disturb a trial court's determination regarding the admissibility of relevant evidence unless an abuse of discretion has been shown." *Id.* (citing *Green v. State*, 934 S.W.2d 92, 101–02 (Tex. Crim. App. 1996)).

**C.**      **Law**

"Evidence is 'relevant to sentencing,' within the meaning of the statute, if the evidence is 'helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case.'" *McGee v. State*, 233 S.W.3d 315, 318 (Tex. Crim. App. 2007) (quoting *Rodriguez v. State*, 203 S.W.3d 837, 842 (Tex. Crim. App. 2006)). But "at the punishment stage of a criminal trial, evidence is not admissible for the purpose of relitigating the defendant's guilt." *Id.* (citing *Nixon v. State*, 572 S.W.2d 699, 701 (Tex. Crim. App. 1978)). Therefore, a trial court may properly exclude exonerating evidence in the punishment phase. *See Nixon*, 572 S.W.2d at 701; *McGee*, 233 S.W.3d at 318.

**D.**      **Analysis**

Alvarez courted a relevance objection from the State at the punishment trial by asking his brother to reiterate his recantation:

DEFENSE:          You testified that [Alvarez] doesn't deserve to go to prison because of what he…went through as a child—

COMPLAINANT:    Yes, sir.

DEFENSE:          —is that right? Are you talking about the sexual abuse that he went through?

COMPLAINANT:    Yes, sir.

DEFENSE: Okay. But then you also mentioned that he never disrespected you either, right?

COMPLAINANT: No, sir.

DEFENSE: Okay. Are you saying that he never sexually disrespected you or sexually assaulted you?

PROSECUTION: I'm going to object to relevance. For punishment purposes, the Court has heard the guilt/innocence.

As noted above, relitigating guilt in the punishment phase is improper, and a trial court acts within its discretion to exclude testimony on the issue of guilt/innocence at punishment. *See Nixon*, 572 S.W.2d at 701; *McGee*, 233 S.W.3d at 318. On appeal, Alvarez has not explained how reiterating his brother's recantation is relevant for any other purpose besides revisiting the issue of his guilt. Even in arguing that Alvarez might have received a lesser sentence if he had been allowed to revisit his brother's recantation, he is relying on the factfinder to doubt his guilt directly after conviction. We do not interpret the exchange to serve a purpose relevant to deciding the correct sentence after conviction. *Cf. McGee*, 233 S.W.3d at 318 (holding that guilt/innocence evidence at punishment may be used for a relevant purpose).

Alvarez argues that the "testimony of the complainant concerning his feelings toward the sexual assault for which Appellant was convicted was clearly relevant to Appellant's punishment," which may be true, but does not address the recantation issue ruled on by the trial court. In the exchange ruled on by the trial court, Alvarez asked the complaining witness to reiterate his recantation, which would not have assisted the jury in determining an appropriate sentence. *See McGee*, 233 S.W.3d at 318. The trial court did not abuse its discretion by sustaining the State's relevance objection.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

**A.      Parties' Arguments**

Alvarez complains that his trial counsel was ineffective: 1) during voir dire when he omitted to exhaust his peremptory strikes and to preserve error regarding a particular venireperson, 2) for failing to move for a directed verdict and a new trial, and 3) in neglecting to make an offer of proof regarding the recantation letter.

The State argues that Alvarez used all his peremptory strikes, and that Alvarez has overall failed to overcome the presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance.

**B.      Law**

We review Alvarez's claim of ineffective assistance of counsel under the standard set out in *Strickland v. Washington*: 1) Was counsel's performance was so deficient that he was not functioning as acceptable counsel under the Sixth Amendment? 2) If it was, then but for the counsel's error, would the result of the proceedings have been different?  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

In our review, we consider the totality of counsel's representation and the facts specific to each case. *See Thompson*, 9 S.W.3d at 813.  In doing so, we presume that trial counsel's conduct was not deficient, i.e., that it was not unreasonable under all the circumstances and under prevailing professional norms at the time. *See Strickland*, 466 U.S. at 688–89; *Nava v. State*, 415 S.W.3d 289, 307–08 (Tex. Crim. App. 2013).  We also look to the record for counsel's explanation, and we will not infer deficient performance in its place. *Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012) ("Direct appeal is usually an inadequate vehicle for raising such a claim because the record is generally undeveloped.").  Without an explanation, we will not denounce

counsel's challenged conduct as deficient unless it was so outrageous that there can be no other explanation. *Nava*, 415 S.W.3d at 308. As noted by Alvarez, it would be possible for one error to amount to ineffective assistance of counsel, but such an outcome based on the trial record alone is rare. *See id*.

## C.     Analysis

### 1.  Preserving voir dire error

During voir dire, defense counsel asked venire members to raise their hand if they felt, due to some personal experience, that they could not be fair and impartial jurors. *See Munoz v. State*, 24 S.W.3d 427, 434 (Tex. App.—Corpus Christi–Edinburg 2000, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 35.16(a)(9); *Jones v. State*, 982 S.W.2d 386, 389 (Tex. Crim. App. 1998)) ("A venireperson is challengeable for cause if he or she cannot impartially judge the credibility of witnesses."). Several people, including Venireperson Number 27, raised their hands. Number 27, among others, was asked individual follow-up questions. Number 27 explained that she had a niece who was sexually abused and that, as a former nurse, she had personally "seen things," so she did not feel she could be fair and impartial.

The prosecutor then asked Number 27 if she would be able to acquit if he failed to present a case that supported conviction beyond a reasonable doubt. Number 27 agreed that she would. *See id*. (citing *Jones*, 982 S.W.2d at 389) ("[J]urors must be open-minded and persuadable, with no extreme or absolute positions regarding the credibility of any witness."). The trial court asked Number 27 if she could follow the law as instructed, and she stated that she thought she could. *See Deere v. State*, 631 S.W.3d 762, 770 (Tex. App.—Eastland 2021, pet. ref'd) (citing *Tracy v. State*, 597 S.W.3d 502, 512 (Tex. Crim. App. 2020)) ("[A] proponent of a challenge for cause 'does not meet [his] burden until he has shown that the veniremember understood the requirements of the law and could not overcome his prejudice well enough to follow the law.'").

Defense counsel still asked that Number 27 be struck for cause, but the trial court declined to do so. *See Deere*, 631 S.W.3d at 770 (citing *Chambers v. State*, 866 S.W.2d 9, 22 (Tex. Crim. App. 1993) ("[T]he trial court is in the best position to observe the potential juror's demeanor and responses."). Voir dire continued, and then jury selection commenced. Both parties used all their peremptory strikes, and Number 27 remained on the jury.

The record is silent as to why defense counsel chose to proceed without striking Number 27 or preserving the issue for appeal but given that Number 27 stated she could follow the law and acquit Alvarez if the State failed to prove its case beyond a reasonable doubt, we cannot conclude that defense counsel's conduct in this instance was deficient. *See Nava*, 415 S.W.3d at 308. We overrule Alvarez's challenge on this point.

### 2. *Moving for a directed verdict and/or a new trial*

Alvarez argues that there was a reasonable likelihood that the trial court would have granted a motion for directed verdict because of the State's insufficient evidence. *See McGarity v. State*, 5 S.W.3d 223, 229 (Tex. App.—San Antonio 1999, no pet.) (citing *Strickland*, 466 U.S. at 693–94). On the same reasoning, he states that trial counsel should have moved for a new trial. But "[a] reasonable probability is far more than a possibility[;] it is a probability sufficient to undermine confidence in the outcome of the proceedings." *Id*. (citing *Strickland*, 466 U.S. at 694). Here, Alvarez confessed to the sexual assault. Despite his confession, he makes much of his brother's recantation, overestimating its weight on these facts. On this record, trial counsel's decision not to move for a directed verdict does not amount to an outrageous omission. *See Nava*, 415 S.W.3d at 308. We do not conclude that counsel's conduct in refraining to move for a directed verdict and/or a new trial was deficient.

*3. Making an offer of proof*

Lastly, Alvarez argues that trial counsel should have made an offer of proof regarding his brother's recantation letter. However, he has made no showing of how the offer of proof would have resolved the letter's fatal hearsay issue. *See McGarity*, 5 S.W.3d at 229 (citing *Strickland*, 466 U.S. at 693–94) ("Alleging that the omission raised the possibility of a different result of the proceedings is not sufficient; there must also be a showing of a reasonable probability that but for counsel's omission, the result of the proceedings would have been different."). He has stated only that an offer of proof would have shown the letter's exclusion to be erroneous and harmful. But as noted by the State, Alvarez's brother was thoroughly questioned about his letter and recantation. As a result, it is unclear how trial counsel's representation "fell below an objective standard of reasonableness." *See Strickland*, 466 U.S. at 688. We conclude that it did not.

## CONCLUSION

Based on the record, we conclude (1) Alvarez waived his appellate arguments in support of admitting his brother's recantation letter; (2) the trial court did not err by dismissing Alvarez from the witness stand when he invoked his Fifth Amendment right against self-incrimination; (3) the trial court did not abuse its discretion during Alvarez's punishment trial by excluding as irrelevant further testimony regarding the complainant's recantation; and (4) Alvarez's trial counsel was not ineffective. Accordingly, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice

Publish